UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
TERESA STARR,

                Plaintiff,

vs.

COHEN & SLAMOWITZ, LLP,

                Defendant.
-----------------------------------------------------------------

Civil Action No

COMPLAINT

**13 CV 4502**

DEMAND FOR JURY TRIAL

**JUDGE KARAS**

     Plaintiff TERESA STARR ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant COHEN & SLAMOWITZ, LLP ("Defendant" and/or "C&S"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

     1.    Plaintiff brings this action individually for damages arising from the Defendants violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

     2.    Plaintiff is a resident of the State of New York, residing in Middletown, NY.

     3.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant C&S is a New York business entity engaged in the business of consumer debt collection in this state and judicial district with its principal place of business located at 199 Crossways Parkway Drive, Woodbury, NY 11797.

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) & (2). Venue in this Court is proper in that Defendants transact business in this state and judicial district, and, Defendants committed tortious acts against a New York resident within the State of New York and within this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Discover Bank and/or Discover Financial Services, either directly or through intermediate transactions assigned, placed, transferred, or sold a consumer debt to C&S for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. On information and belief, at some time during the past one year prior to the filing of this action, Defendant attempted to collect the alleged debt from Plaintiff.

13. The alleged debt that Defendant attempted to collect from Plaintiff arose out of transactions that were incurred primarily for personal, family or household purposes.

14. On or about April 21, 2006, Defendant obtained a default judgment against Plaintiff for the alleged debt.

15. At all times herein relevant, Plaintiff worked for Mercedes-Benz USA in Montvale, NJ at corporate.

16. At no time herein relevant has Plaintiff worked for anyone else besides Mercedes-Benz USA in Montvale, NJ.

17. In or about October 2011, Defendant served an Information Subpoena on Mercedes-Benz USA corporate in Montvale, NJ through its registered agent, CT Corporation.

18. The Information Subpoena served on Mercedes-Benz USA corporate in Montvale, NJ was proper in that Plaintiff was and remains employed there.

19. Mercedes-Benz USA corporate in Montvale, NJ responded to Defendant's October 2011 Information Subpoena regarding Plaintiff's employment information.

20. Defendant knew or should have known that Plaintiff's employer was Mercedes-Benz USA corporate in Montvale, NJ.

21. On information and belief, for reasons better known to the Defendant, Defendant did not act further on collecting the alleged debt through involuntary wage garnishment.

22. In or about November 2012, Defendant again attempted to collect the alleged debt from Plaintiff by serving another Information Subpoena.

23. The November 2012 Information Subpoena was this time served on Mercedes-Benz of Wappingers Falls rather than Mercedes-Benz USA corporate in Montvale, NJ.

24. Plaintiff did not and does not work for Mercedes-Benz of Wappingers Falls.

25. Defendant was without any reasonable basis or reason to believe that Plaintiff was no longer employed by Mercedes-Benz USA corporate in Montvale, NJ.

26. During telephone conversations with Defendant, Plaintiff has confirmed her location and address of employment.

27. As a result of Defendant's actions, Jan Watkins from Mercedes-Benz of Wappingers Falls was in contact with Plaintiff regarding the Information Subpoena.

28. Plaintiff was embarrassed and upset.

29. Plaintiff was embarrassed and upset that an unobligated third party employed at the same company as her that she does even know is now privy to the alleged debt and personal circumstances.

30. Plaintiff was embarrassed and upset that Mercedes-Benz of Wappingers Falls would be in contact with her manager/department about her personal problems rather than payroll or the appropriate department.

31. In or about January 2013, Defendant and Plaintiff were in contact.

32. Defendant argued with Plaintiff regarding her place of employment, falsely claiming that Plaintiff was employed at Mercedes-Benz of Wappingers Falls when that is not true.

33. Defendant falsely claimed they were in possession of paystubs that show Plaintiff was employed at Mercedes-Benz of Wappingers Falls when that is not true.

34. Defendant claimed the garnishment was already in the hands of the Dutchess County Sheriff.

35. Plaintiff does not reside, own property in, or have employment in Dutchess County.

36. Defendants actions and inactions caused Plaintiff to feel embarrassed, angry, and upset.

37. Defendant's actions and inactions were not reasonably necessary to effectuate a postjudgment remedy.

38. Defendant already possessed location information for Plaintiff.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "38" herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

    a. 15 U.S.C. §1692b.

    b. 15 U.S.C. §1692c(b).

    c. 15 U.S.C. §1692d-preface.

    d. 15 U.S.C. §1692e-preface, (2)(A), (2)(B), (5), (8), and (10).

    e. 15 U.S.C. §1692f-preface.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

44. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages, attorney's fees and costs in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERESA STARR demands judgment from the Defendant COHEN & SLAMOWITZ, LLP as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    C.    For damages, trebled, pursuant to New York General Business Law § 349;

    D.    For attorneys' fees, costs and disbursements;

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff TERESA STARR hereby respectfully requests a trial by jury for all claims and

issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:      June 27, 2013

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
1 S. Franklin St., Suite 2
Nyack, New York 10960
Phone:    914-610-3207
Facsimile: 914-610-3770
Email:    apolesky@poleskylaw.com
Attorney for the Plaintiff Teresa Starr